UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LARRY CHERRY d/b/a MASTER MASON CONSTRUCTION,<br><br>Plaintiff,<br><br>vs.<br><br>PNC BANK, NATIONAL ASSOCIATION,<br><br>Defendant. | Case No. 1:20-cv-00603 |

## DEFENDANT PNC BANK, NATIONAL ASSOCIATION'S
## ANSWER AND NOTICE OF AFFIRMATIVE AND OTHER DEFENSES

Defendant PNC Bank, National Association ("PNC"), through its attorneys Clark Hill PLC, states as follows for its Answer and Notice of Affirmative Defenses to Plaintiff's Complaint.

### ANSWER

### Preliminary Statement

A.  Any allegation not specifically admitted shall be deemed denied.

B.  Any document referred to or quoted must be considered in its entirety and the complete document is the best evidence of its contents.

### I. PARTIES

1. Larry Cherry dba Master Mason Construction at all times mentioned, is a licensed contractor in the State of Illinois.

**ANSWER:  PNC lacks knowledge or information sufficient to form a belief as to the allegation, which has the effect of a denial.**

2. PNC BANK N.A. is a foreign corporation located in Pennsylvania doing business in Illinois.

**ANSWER:  PNC denies as untrue that it is a foreign corporation and states that it**

1

is a national banking association. PNC admits only that its principal place of business is located in Pennsylvania and that it does business in Illinois.

## II. FACTUAL ALLEGATIONS AND FIRST CLAIM: BREACH OF CONTRACT

4.[sic] The real property as improved referred to in this complaint is located in the City of South Holland, County of Cook, State of Illinois and is commonly known as 15638 S. Kimbark Ave. South Holland, Illinois 60473.

**ANSWER: This paragraph reflects Plaintiff's characterization of the subject matter of this lawsuit, to which no response is required.**

5. Plaintiff contracted with defendant Denise Simon-Leveque the owner and PNC Bank N.A to perform various repairs on the property located at 15638 S. Kimbark, South Holland, Illinois 60473.

**ANSWER: Denied as untrue.**

6. PNC Bank N.A. required proof of insurance, bonding. from plaintiff which was approved by PNC Bank the first week of April 2019.

**ANSWER: Denied as untrue.**

7. On March 27th, 2019, Plaintiff and Denise Simon-Leveque entered into a written agreement by which Plaintiff agreed to furnish certain labor. services, equipment and materials for a work of improvement on the building parcel for an agreed contract of $104.000,00.

**ANSWER: PNC lacks knowledge or information sufficient to form a belief as to the allegation, which has the effect of a denial.**

8. Between the dates of the Agreement and Novenber12, 2019, pursuant to the Agreement and at the Defendants special request, Plaintiff furnished labor, services, equipment and materials used

2

and intended to be used in the work of improvement on the building parcel. including extra work requested by the Defendants.

**ANSWER:** **To the extent the allegations of Paragraph 8 refer to Denise Simon-Leveque PNC lacks knowledge or information sufficient to form a belief as to the allegation, which has the effect of a denial. To the extent the allegations of Paragraph 8 refer to PNC the allegations are denied as stated and, therefore, denied as untrue.**

## FIRST CAUSE OF ACTION - BREACH OF CONTRACT

9. Plaintiff repeats and alleges paragraphs 1-8 above as though fully set forth in this claim.

**ANSWER:** **PNC incorporates the preceding responses by reference.**

10. At all times mentioned herein. Plaintiff performed and completed all conditions, covenants and promise to be performed under the Agreement.

**ANSWER:** **This Paragraph constitutes a conclusion of law as to which no response is required. To the extent a response is required, PNC lacks knowledge or information sufficient to form a belief as to the allegation, which has the effect of a denial, as, among other things, Plaintiff fails to identify the "Agreement" to which this allegation refers. In further response, PNC denies as untrue that it entered into an "Agreement" with Plaintiff with respect to the subject property.**

11. On November 13th 2019 sent a letter. to PNC Bank's Loss Claim Dept. Stating the amount of the work completed and to remit the funds. To date the letter has not been acknowledged and no other funds have been tendered to plaintiff.

**ANSWER:** **PNC lacks knowledge or information sufficient to form a belief as to the allegation, which has the effect of a denial, as, among other things, Plaintiff fails to**

3

**identify the individual or entity that allegedly sent the subject letter or to provide a copy of said letter.**

12. Defendant breached the Agreement on about November 13th, 2019. As of November 13th, 2019 Defendant PNC BANK N.A. have paid Plaintiff only $49,000.00. of the amount he had agreed to pay.

 **ANSWER:** **This Paragraph constitutes a conclusion of law as to which no response is required. To the extent a response is required, to the extent the allegations of Paragraph 12 refer to Denise Simon-Leveque PNC lacks knowledge or information sufficient to form a belief as to the allegation, which has the effect of a denial. To the extent the allegations of Paragraph 12 refer to PNC the allegations are denied as untrue.**

13. As a direct and proximate result of the Defendant's breaches, Plaintiff has suffered damages. including lost profits incurring of late fees on equipment, damaged relationships with sub-contractors and has and will incur attorneys fees and costs in connection with the commencement and prosecution of this action. Pursuant to the agreement , Plaintiff is entitled to recover attorneys. fees and cost incurred in connection with the commencement and prosecution of this action.

 **ANSWER:** **This Paragraph constitutes a conclusion of law as to which no response is required. To the extent a response is required, to the extent the allegations of Paragraph 13 refer to Denise Simon-Leveque PNC lacks knowledge or information sufficient to form a belief as to the allegation, which has the effect of a denial. To the extent the allegations of Paragraph 13 refer to PNC the allegations are denied as untrue.**

 **THE SECOND CAUSE OF ACTION —Breach of the Covenant of Good Faith and Fair Dealing.**

14. Plaintiff repeats and alleges paragraphs 1-13 above as though fully set forth in this claim.

 **ANSWER:** **PNC incorporates the preceding responses by reference.**

4

15. This agreement contained an applied covenant of good faith and fair dealing.

**ANSWER: This Paragraph constitutes a conclusion of law as to which no response is required. To the extent a response is required, to the extent the allegations of Paragraph 15 refer to Denise Simon-Leveque PNC lacks knowledge or information sufficient to form a belief as to the allegation, which has the effect of a denial. To the extent the allegations of Paragraph 15 refer to PNC, PNC lacks knowledge or information sufficient to form a belief as to the allegation, which has the effect of a denial, as, among other things, Plaintiff fails to identify the "agreement" to which this allegation refers. In further response, PNC denies as untrue that it entered into an "agreement" with Plaintiff with respect to the subject property.**

16. By his conduct alleged herein. the Defendant violated the implied covenant of good faith and fair dealing.

**ANSWER: This Paragraph constitutes a conclusion of law as to which no response is required. To the extent a response is required, to the extent the allegations of Paragraph 16 refer to Denise Simon-Leveque PNC lacks knowledge or information sufficient to form a belief as to the allegation, which has the effect of a denial. To the extent the allegations of Paragraph 16 refer to PNC the allegations are denied as untrue.**

17. As a direct and proximate result of the Defendants' breach of the covenant of good faith and fair dealing. Plaintiff has suffered damages, including lost profits, and has will incur attorneys fees and costs in connection with the commencement and prosecution of this action.

**ANSWER: This Paragraph constitutes a conclusion of law as to which no response is required. To the extent a response is required, to the extent the allegations of Paragraph 17 refer to Denise Simon-Leveque PNC lacks knowledge or information sufficient to form a**

**belief as to the allegation, which has the effect of a denial. To the extent the allegations of Paragraph 17 refer to PNC the allegations are denied as untrue.**

### THIRD CAUSE OF ACTION — for Quantum Meruit and Quantum Valebant

18. Plaintiff repeats and alleges paragraphs 1-17 above as though fully set forth in this claim.

   **ANSWER: PNC incorporates the preceding responses by reference.**

19. Within the past year, Plaintiff has provided work, labor, services and materials to defendant, and each of them at the special instance and request of said defendant for which defendant promised to pay Plaintiff the reasonable value.

   **ANSWER: To the extent the allegations of Paragraph 19 refer to Denise Simon-Leveque PNC lacks knowledge or information sufficient to form a belief as to the allegation, which has the effect of a denial. To the extent the allegations of Paragraph 8 refer to PNC the allegations are denied as untrue.**

20. Defendant PNC BANK have failed and refused to pay Plaintiff the reasonable value of the work, labor, services and materials rendered.

   **ANSWER: PNC denied as untrue that PNC has any obligation to pay Plaintiff, engaged in any wrongdoing or otherwise is liable to Plaintiff.**

### FOURTH CAUSE OF ACTION – For Foreclosure of Mechanics Lien

21. Plaintiff repeats and alleges paragraphs 1-20 above as though fully set forth in this claim.

   **ANSWER: PNC incorporates the preceding responses by reference.**

22. On 10/30 2019, Plaintiff duly recorded a Mechanics Lien Claim, describing the building parcel and the labor, services, and material furnished on the work of improvements, in the official records of Cook County, Illinois in accordance with the provisions of Civil Code Section. A true and

correct copy of the Mechanics Lien Claim is attached to this complaint as Exhibit C and incorporated by reference.

**ANSWER: This Paragraph constitutes a conclusion of law as to which no response is required. To the extent a response is required, PNC lacks knowledge or information sufficient to form a belief as to the allegation, which has the effect of a denial.**

22. Each Defendant claims some right, title, or interest in or to the building parcel each of which claim is junior to or inferior to Plaintiffs claim.

**ANSWER: This Paragraph constitutes a conclusion of law as to which no response is required. To the extent a response is required, to the extent the allegations of the second Paragraph 22 refer to Denise Simon-Leveque PNC lacks knowledge or information sufficient to form a belief as to the allegation, which has the effect of a denial. To the extent the allegations of the second Paragraph 22 refer to PNC the allegations are denied as untrue that PNC's interest in the subject property is "junior to or inferior to Plaintiff's claim."**

WHEREFORE, PNC respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice and award to PNC all relief to which it is entitled.

## NOTICE OF AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. The Court lacks subject-matter jurisdiction over Plaintiff's counts asserted in his Complaint.

3. Plaintiff's Complaint must be dismissed for his failure to join a person required by Federal Rule of Civil Procedure 19(b).

4. Plaintiff's counts fail for lack of causation.

7

5. Plaintiff's counts fail for lack of damages.

6. Plaintiff's counts are barred by the equitable doctrines of laches, waiver, estoppel, or unclean hands.

7. Plaintiff's counts may be barred by the doctrine of *res judicata*.

PNC reserves the right to assert any and all of these defenses in a suitable motion.

PNC further reserves the right to amend or supplement its Notice of Affirmative and Other Defenses in accordance with the Federal Rules of Civil Procedure.

Dated: June 1, 2020

Respectfully submitted,

Gary Green (#6199484)
(ggreen@clarkhill.com)
Jeffrey M. Sniadanko (#6331532)
(jsniadanko@clarkhill.com )
CLARK HILL PLC
130 E. Randolph Street, Suite 3900
Chicago, IL  60601
T: (312) 985-5900 / F: (312) 985-5966

PNC BANK, NATIONAL ASSOCIATION.

By: _____
One of Its Attorneys